IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES LITTERAL,

    Petitioner,

vs.                                    NO. 10-CV-744 MCA/WDS

LUPE MARSHALL, Warden, and
GARY KING,
Attorney General for the State of New
Mexico

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2241 by James Litteral. Litteral is acting *pro se*. Respondents have filed an Answer in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The Court makes the following findings and recommended disposition.

## CLAIM

Petitioner seeks relief on a single ground: that he has been denied a protected liberty interest in earned good time credits contrary to the due process of law because of Respondents' refusal to apply earned good time credits to Petitioner's parole eligibility or to cause his immediate release.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1988 Petitioner was convicted of First Degree Murder following a jury trial in Bernalillo County District Court,. Petitioner was sentenced to life imprisonment with a firearm enhancement of one year to run concurrently. Petitioner was credited for 22 days of pre-sentence confinement and for post-sentence confinement until delivery to the place of incarceration.

It is not clear from the pleadings whether Petitioner took a direct appeal of his conviction or the sentence, but any such direct appeal would not be relevant to this matter. In 2009 Petitioner did seek relief by means of a petition for writ of certiorari to the New Mexico Supreme Court in which he argued that he had accumulated enough good time credits that he should be immediately released. In the state petition, Petitioner admitted that *Compton v. Lytle*, 81 P.3d 39 (N.M. 2003) (holding that a petitioner was not eligible for a parole hearing until he had served thirty years of his life sentence, good time credits notwithstanding) was controlling but asked the New Mexico Supreme Court to overrule the decision and to compel Respondent to apply all earned good time to Petitioner's parole eligibility. That petition was denied, without discussion, by the New Mexico Supreme Court on July 30, 2009. The instant federal habeas petition followed.

## ANALYSIS

Because this petition challenges the execution of Petitioner's sentence, rather than the fact of his conviction, it has been properly characterized as a § 2241 petition. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (noting that § 2241 petitions are used to attack the execution of a sentence, including the deprivation of good time credits). A habeas petitioner seeking relief under § 2241 is generally required to exhaust the remedies available in State court. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Respondent concedes that Petitioner has exhausted his State court remedies. The Court agrees that Petitioner, having presented the same

issue to the highest state court in New Mexico, has indeed exhausted his State court remedies. *See Maestas v. Utah State Bd. of Pardons*, 64 F.3d 669 (10th Cir. 1995) (noting that the exhaustion requirement is satisfied by presenting the substance of the habeas claims to the state's highest court).

Under § 2241, Petitioner must also exhaust his administrative remedies with the Bureau of Prisons. *Dulworth v. Evans,* 442 F.3d 1265, 1269 (10th Cir. 2006) (noting that a § 2241 petition must "exhaust available state remedies" and that "[t]his requirement extends to the exhaustion of *administrative* remedies as well"). In his state certiorari petition, Petitioner alleges that there are no institutional remedies to exhaust because parole matters are not grievable. *See* Doc. 9-1, Ex. C., at ¶5. Respondents have not argued that Petitioner failed to administratively exhaust. Further, because the New Mexico Supreme Court did not expressly deny habeas relief on procedural grounds, the Court presumes that the court adjudicated Petitioner's claims on the merits rather than denying relief for failure to exhaust. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004). Even if there is some question as to the administrative exhaustion of Petitioner's claims, the Court finds that it may proceed to address and deny on the merits even unexhausted claims. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The instant petition, like Petitioner's certiorari petition, seeks the application of good time credits to Petitioner's life sentence and, accordingly, an acceleration of Petitioner's parole eligibility date and ultimately an immediate release. Petitioner alleges that he has earned over twenty years of good time credits. Yet the record shows that these good time credits have not been applied to adjust Petitioner's parole eligibility date. *See* Doc. 9-1, at Ex. B (indicating a "parole eligibility" of "2018-06-21").

As noted by Respondent, and by Petitioner in his certiorari petition, the New Mexico Supreme Court has determined that inmates serving a life sentence should not be released on parole

prior to actually serving thirty years in prison, regardless of the good time credits that they have accumulated. *See Compton*, 81 P.3d at 44. Here, Petitioner was sentenced on July 14, 1988 to life imprisonment with credit for 22 days of pre-sentence confinement. Based on the Court's calculations, Petitioner will not have been incarcerated for thirty years, and therefore not eligible for parole, until his parole eligibility date of June 21, 2018.

The instant petition asks the Court to reexamine and overrule the state appellate decision in *Compton,* and moreover, it necessarily involves a question of state law (i.e. the application of state good time credits to state prison sentences). But it is "not the province of a federal habeas court to reexamine state court determinations on state law questions." *Scrivener v. Tansy*, 68 F.3d 1234, 1238 (10th Cir. 1995). Put another way, a claim that New Mexico courts have misinterpreted New Mexico law is not grounds for federal habeas relief. *See Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003). Arguably, Petitioner's claim -- that Respondent improperly failed to adjust his state parole eligibility date based on state good time credits -- amounts to nothing more than a claim of error under state law. Without more, this claim does not present a question cognizable in a federal habeas action.

Indeed, Petitioner would only be entitled to federal habeas relief in this context if he could demonstrate State court error depriving him of fundamental rights guaranteed by the United States Constitution. *Brinlee v. Crisp*, 608 F.2d 839, 843 (1979). Although Petitioner suggests that Respondent's action, or more precisely his inaction, amounts to a violation of the Due Process Clause, Petitioner simply cannot establish any state-created statutory right to good time credits for felons serving life sentences. And to the contrary, the New Mexico Supreme Court has unambiguously held that felons serving life sentences must serve thirty years before being parole-eligible regardless of good time credits that they have accrued. Significantly, the interpretation of

state law by state courts is binding on a federal habeas court. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)(reasoning that the State supreme court's construction of state law was binding in determining whether the Due Process Clause had been violated).

Accordingly, this Court accepts as binding the New Mexico Supreme Court's construction of state law regarding good time for felons serving life sentences in *Compton* and finds that Petitioner has not raised a cognizable habeas corpus claim.

## RECOMMENDED DISPOSITION

The Court recommends that James Litteral's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**